## WILLIAM GODDARD, APPELLANT, *v.* ROBERT C. TRENBATH, RESPONDENT.

*Settlement of action — an attorney cannot continue the action simply to enforce his lien for costs, without an order of the court.*

Where a defendant in an action has in good faith settled the same with the plaintiff without knowledge or notice of any lien of the plaintiff's attorney for costs, and has been fully released and discharged from the cause of action and the costs thereof, the plaintiff's attorney cannot continue the action for the purpose of enforcing his alleged lien without having first obtained an order of the court allowing him so to do.*

APPEAL from an order vacating proceedings had in this action after a settlement thereof, and directing that the same be discontinued.

The action was commenced on May 29, 1879, to recover damages for a conversion of the plaintiff's goods. On August 25, 1879, the parties settled the action and agreed to discontinue the same. Thereafter the plaintiff's attorney, the defendant being in default for want of an answer, procured the appointment of a referee to assess the damages, and subsequently applied for leave to enter

---

* See *Wilber* v. *Baker*, *ante*, page 24.

judgment on his report. Thereafter upon the defendant's application these proceedings were set aside.

*William H. Mundy,* for the appellant.

*Edwin M. Wight,* for the respondent.

GILBERT, J.:

Nothing has been shown to impeach the *bona fides* of the settlement of the claim in this suit by the parties themselves. The defendant had no notice of the lien claimed by the plaintiff's attorney. The only notice proved was one to the defendant's attorney, and that bears date three days after the defendant had been fully released from the cause of action and costs. It is at least doubtful whether a notice of lien given to an attorney binds his client, but if it does the notice in this case was too late. The defendant having settled the claim against him and obtained a release therefrom, and from the costs of the action fairly and in good faith, together with a promise to discontinue the action, that transaction should be upheld, notwithstanding the alleged lien of the attorney, for the reason that as between the parties it affords a complete bar to the further prosecution of the action.

The remedy of the attorney must be sought by affirmative action in his own behalf, on proper notice to both plaintiff and defendant, to establish his alleged lien, and to set aside the release.

In a proper case the court may give effect to the attorney's lien notwithstanding the release, but the attorney has no authority to prosecute the action for the purpose of enforcing his lien, unless he has previously obtained an order of the court authorizing such a proceeding. Much less has he a right to enforce the demand set up in the action in excess of his lien as was done in this case.

The order should be affirmed, with ten dollars costs and disbursements.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.